IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

VIRGINIA STEWART                                                                                    PLAINTIFF

VS.                                            CIVIL NO. 05-5041

JO ANNE B. BARNHART, COMMISSIONER
SOCIAL SECURITY ADMINISTRATION                                                     DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Virginia Stewart, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner") denying her claim for supplemental security income (hereinafter "SSI"), under the provisions of Title XVI of the Social Security Act (hereinafter the "Act").

**Procedural Background:**

The application for SSI now before this court was protectively filed on May 28, 2003, alleging an onset date of June 14, 2001, due to thyroid disease and fibromyalgia. (Tr. 47-51, 59). An administrative hearing was held on June 24, 2004. (Tr. 233-282). Plaintiff was present and represented by counsel.

At the time of the administrative hearing, plaintiff was fifty-seven years old and possessed a high school education. (Tr. 240). Her past work consisted of work as a hatchery worker, plant stocker, and cashier in a nursery. (Tr. 16).

On October 18, 2004, the Administrative Law Judge (hereinafter "ALJ"), issued a written decision finding that plaintiff's thyroid condition was a severe impairment. (Tr. 19). However, he concluded that it did not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 19). After discrediting plaintiff's subjective allegations, the ALJ concluded that she maintained the residual functional capacity (hereinafter "RFC"), to perform at least

medium exertional activity. Because her PRW as a hatchery worker, plant stocker, and cashier in a nursery did not require the performance of work-related activities precluded by her RFC, the ALJ found that she could return to her PRW. (Tr. 20).

On February 24, 2005, the Appeals Council declined to review this decision. (Tr. 3-5). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned for report and recommendation. Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. # 6, 7).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year

and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)- (f)(2003), 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920 (2003).

**Discussion:**

Of particular concern to the undersigned is the ALJ's determination that plaintiff's mental impairment was not severe. An ALJ may consider an impairment to be non-severe only if a claimant's medical impairments are so slight that it is unlikely he or she would be found to be disabled even if their age, education, and work experience were taken into account. *See Bowen v.*

*Yuckert*, 482 U.S. 137, 153 (1987). "Only those claimants with slight abnormalities that do not significantly limit any 'basic work activity' can be denied benefits without undertaking the vocational analysis." *Id*. at 158.

In the present case, the only RFC assessment contained in the file was completed by a non-examining consultant. On October 31, 2003, Dr. Brad Williams completed a psychiatric review technique form, as well as a mental RFC assessment of plaintiff. (Tr. 143-160). Based on her medical records, he determined that she had moderate limitations in her ability to understand, remember, and carry out detailed instructions; maintain attention and concentration for extended periods; complete a normal workday and workweek without interruptions from psychologically based symptoms; perform at a consistent pace without an unreasonable number and length of rest periods; accept instructions and respond appropriately to criticism; and, set realistic goals or make plans independently of others. (Tr. 158). Dr. Williams then concluded that she could perform work where the interpersonal contact was routine, the complexity of the tasks was learned, the tasks required the use of judgment within limits, and the supervision required was little for routine but detailed for non-routine tasks. (Tr. 159).

The ALJ, however, failed to consider or even acknowledge Dr. Williams' assessment. While the record is scant concerning plaintiff's mental impairment, we do note that Dr. Richard Back had diagnosed her with undifferentiated somatoform disorder and personality disorder not otherwise specified. (Tr. 142). Further, her treating physician had diagnosed plaintiff with depression, and had prescribed Effexor. (Tr. 162, 171). Thus, given this information and the fact that Dr. Williams provided the only assessment of plaintiff's mental abilities, we believe that the ALJ erred in dismissing his opinion without comment. Accordingly, on remand, the ALJ is directed to reevaluate

the evidence concerning plaintiff's mental impairment. Should he still wish to dismiss Dr. Williams' assessment, the ALJ is directed to provide an explanation for his decision to do so.

Further, remand is also necessary to allow the ALJ to request RFC assessments from plaintiff's treating physicians. *See Vaughn v. Heckler*, 741 F.2d 177, 179 (8th Cir. 1984) (If a treating physician has not issued an opinion which can be adequately related to the disability standard, the ALJ is obligated to address a precise inquiry to the physician so as to clarify the record). On remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff, asking the physicians to review plaintiff's medical records; complete an RFC assessment regarding plaintiff's physical and mental capabilities during the time period in question; and, to give the objective basis for their opinions, so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

Plaintiff also contends that she has no past relevant work, as none of her work qualified as substantial gainful activity. The regulations provide that past relevant work is work which was performed in the last fifteen years, lasted long enough for the claimant to have learned to do it, and was substantial gainful activity (hereinafter "SGA").[1] 20 C.F.R. § 404.1565. SGA is work activity that involves doing significant physical or mental activities. Gainful work activity is work activity that is done for pay or profit. *Id*. § 404.1572(b). A claimant's earnings "will ordinarily show" that a claimant has engaged in SGA if the earnings averaged more than $300 a month in calendar years

---

[1]Contrary to plaintiff's contentions, there is no requirement that a plaintiff work at a position for a specified period of time before it qualifies as PRW. *See generally*, 20 C.F.R. § 1574 (discussing how the agency determines whether work is substantial gainful activity).

between 1979 and 1989, more than $500 a month between June 1990 and January 1999, and more than $700 a month between July 1999 and December 2000. *Id.* § 404.1574(b)(2)(vi), (vii). The regulations also state that earnings "will ordinarily show" no SGA when the claimant's monthly earnings averaged less than $190 in calendar years after 1979 and before 1990, and less than $300 in calendar years after 1989. *Id.* § 404.1574(b)(3)(vi), (vii). However, "the fact that your earnings are not substantial will not necessarily show that you are not able to do" SGA. *Id.* § 404.1574(a)(1). Work may be substantial even if it is performed on a part-time or seasonal basis. *Id.* § 404.1572(a); *see also Reeder v. Apfel*, 214 F.3d 984, 989 (8th Cir. 2000). Therefore, on remand, the ALJ is directed to reconsider plaintiff's past work, utilizing the aforementioned guidelines.

**Conclusion:**

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this day <u>28th</u> of February 2006.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE
