IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

VIRGINIA STEWART                                       PLAINTIFF

v.                      CIVIL NO. 05-5041

JO ANNE B. BARNHART, Commissioner
Social Security Administration                            DEFENDANT

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Virginia Stewart appealed the Commissioner's denial of benefits to this court. On March 23, 2006, judgment was entered remanding plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. # 9). Plaintiff now moves for an award of $3,698.25 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 28.67 hours of work before the court at an hourly rate of $125.00, 1.00 hour of non-legal work at an hourly $75.00 and $39.50 in expenses. (Doc. # 10-11). Defendant has filed a response, expressing no objection to this award. (Doc. # 12).

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case

for further proceedings is a prevailing party. After reviewing the file, we find plaintiff is a prevailing party in this matter.

The Commissioner does not oppose the award of a reasonable attorney's fee under the EAJA, does not object to the hourly rate requested by plaintiff's counsel for attorney's fees and does not dispute the number of hours expended by counsel. (Doc. #12). The court construes this lack of opposition to the award of a reasonable fee as an admission that the government's decision to deny benefits was not "substantially justified."

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D.Ohio 1985). Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id. See also*, *Cornella v. Schweiker,* 728 F.2d 978 (8th Cir.1984).

In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required

AO72A
(Rev. 8/82)

to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984).

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988). The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir.1991), quoting *Cotter v. Bowen, 879 F.2d 359, 361 (8th Cir.1989).* The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th Cir.1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for EAJA fee awards from $75.00 to

3

$125.00 per hour. *See* 28 U.S.C. § 2 412(d)(2)(A). Plaintiff requests attorney's fees under the EAJA at an hourly rate of $125.00. We find plaintiff's counsel entitled to compensation at this rate.

We next address the number of hours plaintiff's counsel claims she spent working on this case. Plaintiff's counsel seeks 0.50 hour on March 14, 2005, (file pleadings with district court; collate pleadings and attachments; prepare cover sheet), from which we deduct 0.50 hour; 0.25 hour on March 15, 2005, (receive and review file marked pleadings and post to file), from which we deduct 0.25 hour; 0.50 hour on March 17, 2005, (have summons issued), from which we deduct 0.50 hour; 0.25 hour on March 24, 2005, (receive and posts two PS form 3811), from which we deduct 0.25 hour; 0.25 hour on March 28, 2005, (receive and post PS form 3811), from which we deduct 0.25 hour; 0.25 hour on March 29, 2005, (receive and post PS form 3811), from which we deduct 0.25 hour; 0.25 hour on May 13, 2005, (post to all calendars), from which we deduct 0.25 hour; 0.25 hour on November 15, 2005, (electronically file brief), from which we deduct 0.25 hour; 0.25 hour on November 16, 2005, (mail copy of brief to client), from which we deduct 0.25 hour; 0.25 hour on March 23, 2006, (calendar deadlines to all calendars), from which we deduct 0.25 hour; 0.50 hour on March 28, 2006, (electronically file with court with scanned attachments), from which we deduct 0.50 hour. This time cannot be compensated under the EAJA. *Granville House, Inc. v. Department of HEW,* 813 F.2d 881, 884 (8th Cir.1987). Accordingly, we deduct 2.50 attorney hours and 1.00 non-legal hour from the total number of compensable hours sought.

Plaintiff's counsel seeks 0.25 hour on May 13, 2005, (receive and review letter from Magistrate). This court concludes that the time submitted on the above referenced date, should

not have taken an attorney experienced in handling social security cases more than five or six minutes to review this document. *Bowman v. Secretary of H.H.S.*, 744 F.Supp 898 (E.D.Ark. 1989). Therefore, we are reducing the time submitted on the above referenced date by 0.15 hour. Accordingly, 0.15 hour must be deducted from the total compensable time sought by counsel.

We also find the 2.25 hours submitted on March 28, 2006, for the preparation of the EAJA petition and brief to be excessive and reduce this time by 0.75 hour.

Plaintiff's counsel seeks a total of 19.00 hours for reviewing the transcript, researching and writing plaintiff's appeal brief. The brief submitted to the court consisted of twenty and one-quarter pages of procedural background and facts and six pages of argument and discussion. Plaintiff's counsel frequently represents social security plaintiff's before this court and should be well versed in social security law and we find that the time submitted for preparing this brief to be excessive. There were also no unique or complex issues to be developed in this particular case. Therefore we are reducing the number of hours submitted for the preparation of plaintiff's brief to 16.00 hours.

Finally, counsel seeks reimbursement for $39.50 in expenses incurred with regard to postage and photocopying. Such expenses are recoverable under the EAJA and we find $39.50 to be a reasonable award. *See Kelly v. Bowen*, 862 F.2d 1333, 1335 (8th Cir. 1988).

Based on the above, we recommend awarding plaintiff's attorney fees under the EAJA for: 22.27 (28.67-6.40) attorney hours, at the rate of $125.00 per hour, and $39.50 in expenses, for a total attorney's fee award of $2,823.25. This amount should be paid in addition to, and not out of, any past due benefits which plaintiff may be awarded in the future. **The parties have ten days from receipt of our report and recommendation in which to file written objections**

AO72A
(Rev. 8/82)

**pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the plaintiff.

Dated this 12th day of May 2006.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)